**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: December 04, 2014

Ms. Donna Jean Ann Evans
Murray & Murray
111 E. Shoreline Drive
Sandusky, OH 44870

Mr. Ian B. Lyngklip
Law Offices
24500 Northwestern Highway
Suite 206
Southfield, MI 48075

Mr. Dennis E. Murray Sr.
Murray & Murray
111 E. Shoreline Drive
Sandusky, OH 44870

Mr. Theodore W. Seitz
Dykema Gossett
201 Townsend Street
Suite 900
Lansing, MI 48933

Mr. Richard Lee Stone
Jenner & Block
633 W. Fifth Street
Suite 3600
Los Angeles, CA 90071

      Re: Case No. 14-4156, *Martha Vassalle, et al v. Midland Funding LLC, et al*
        Originating Case No. : 3:11-cv-00096

Dear Counsel,

  The briefing schedule for this case is listed below. The briefs must be filed electronically with the Clerk's office no later than these dates. If the appellant's principal brief is filed late, the case is at risk of being dismissed for want of prosecution.

    Citations in your brief to the lower court record must include (i) a **brief** description of the document, (ii) the record entry number and (iii) the "**Page ID** #" for the relevant pages. Consult 6 Cir. R. 28(a)(1) for additional information.

| | |
|---|---|
| Appellant's Principal Brief<br>Appendix (if required by 6th<br>  Cir. R. 30(a) and (c)) | Filed electronically by **January 16, 2015** |
| Appellee's Principal Brief<br>Appendix (if required by 6th<br>  Cir. R. 30(a) and (c)) | Filed electronically by **February 18, 2015** |
| Appellant's Reply Brief<br>(Optional Brief) | Filed electronically **17** days after<br>the appellee's brief is filed.<br>See Fed. R. App. P. 26(c) |

    For most appeals, the Court will access directly the electronic record in the district court. However, to determine if this appeal requires an appendix and how to prepare it, read the latest version of the Sixth Circuit Rules at www.ca6.uscourts.gov, in particular Rules 28 and 30.

    A party desiring oral argument must include a statement <u>in the brief</u> setting forth the reason(s) why oral argument should be heard. *See* 6 Cir. R. 34(a). If the docket entry for your brief indicates that you have requested oral argument but the statement itself is missing, you will be directed to file a corrected brief.

    In scheduling appeals for oral argument, the court will do what it can to avoid any dates which counsel have called to its attention as presenting a conflict. If you have any such dates, you should address a letter to the Clerk advising of the conflicted dates.

                                                    Sincerely yours,

                                                    s/Jill Colyer
                                                    Case Manager
                                                    Direct Dial No. 513-564-7024

Enclosure

# CHECKLIST FOR BRIEFS

ECF FUNDAMENTALS:

___     Briefs filed ECF unless filer is pro se or attorney with a waiver for ECF filings
___     PDF format required
___     Native PDF format strongly preferred
___     In consolidated cases (excluding cross-appeals), appellants should **un-check** the case number(s) that is/are not their case. The appellant's brief should appear only on the docket of his/her specific appeal.
___     Parties who have joined in a notice of appeal shall file a single brief. Fed. R. App. P. 3(b)(1).

COVER OF BRIEF (Fed. R. App. P. 32(a)(2)):

___     Sixth Circuit case number
___     Heading: "United States Court of Appeals for the Sixth Circuit"
___     Title of case
___     Nature of proceeding and name of court, agency or board below
___     Title of brief (example "Appellant's Brief")
___     Name(s) and address(es) of counsel filing the brief

CONTENTS (Fed. R. App. P. 28, 6 Cir. R. 28):

___     Corporate Disclosure Form
___     Table of Contents
___     Table of Authorities with page references (with cases alphabetically arranged, statutes and other authorities)
___     **Statement in support of oral argument** (if there is no statement, argument is waived)
        ***Page limitation, word or line count begins here. See Fed. R. App. P. 32(a)(7)
___     Jurisdictional statement
___     Statement of issues
___     Statement of the case, setting out the relevant facts and history with references to the record

> When referring to a district court record, the citation must include: (1) a brief description of the document; (2) the docket entry number of the document; and (3) the Page ID # range for the relevant pages. See 6 Cir. R. 28 for additional information on how to reference appendices or administrative records in other appeals. Examples:
>
> Motion for Summary Judgment, RE 24, Page ID # 120-145
> Transcript, RE 53, Page ID # 675-682
> Plea Agreement, R. 44, Page ID # 220-225
> A.R., RE 5, Page ID # 190-191, pp. 69-70

___ Summary of argument

___ Argument **with references to record and citations to case law, statutes and other authorities**. The preferred format is that references and citations appear in the body of the text and not in footnotes.

___ Standard of review (for each issue which may appear in discussion of each issue or under separate heading placed before discussion of issues)

___ Signed conclusion
    Signature format is: s/(attorney's name)
    Graphic or other electronic signatures discouraged

***Page limitation, word or line count ends here

___ A Certificate of Compliance as required by Fed. R. App. P. 32(a)(7)(C)

___ Dated Certificate of Service

___ **Designation of Relevant District Court Documents with Page ID # range**

___ Other Addendum contents allowed by Fed. R. App. P. 28(f) or 6 Cir. R. 28(b). Addendum may **not** contain any items from lower court record or appendix.

TYPEFACE AND LENGTH (See Fed. R. App. 32(a)(5) and (a)(7):

___ Typeface either proportionally-spaced font at 14 point (such as CG Times or Times New Roman) or monospaced font at 12 point (such as Courier New)

    Times New Roman at 14 point   `Courier New at 12 point`

___ Length for principal briefs: 30 pages OR up to 14,000 words (proportional fonts) OR up to 1300 lines (monospaced font)

___ Length for reply brief: 15 pages OR up to 7,000 words (proportional fonts) OR up to 650 lines (monospaced font)

___ Briefs using the 14,000 word or 1300 line limits <u>must</u> include word or line count in certificate of compliance (see Fed. R. App. P. 32(a)(7)(C)).

___ Headings, footnote and quotations count toward word or line limitations

\_\_\_    For Death Penalty briefs, see 6 Cir. R. 32(b)(2)
\_\_\_    For Cross-Appeals, see Fed. R. App. P. 28.1
\_\_\_    For Amicus briefs, see Fed. R. App. P. 29 and 32

MISCELLANEOUS:

\_\_\_    Personal information must be redacted from the brief - see Fed. R. App. P. 25(a)(5) for specifics. When filing a brief, the ECF system will require attorneys to verify that personal information has been redacted.

\_\_\_    Footnotes must be same sized text as body of brief.