**RECORD NO. 14-4156**

In The

# United States Court of Appeals
### For The Sixth Circuit

**ELAINE PELZER; DIANNE FREDERICK; RAUL OSORIO,**

*Intervenors – Appellants*,

**v.**

**MARTHA VASSALLE; JEROME JOHNSON;
ANDREA BRENTH; HOPE FRANKLIN; CLASS MEMBERS,**

*Plaintiffs – Appellees*.

**MIDLAND FUNDING LLC; MIDLAND CREDIT
MANAGEMENT, INC.; ENCORE CAPITAL GROUP, INC.,**

*Defendants – Appellees*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
AT TOLEDO**

_____

**APPELLANTS' RESPONSE TO SUR REPLY OF PARTIES**

_____

Ian B. Lyngklip
LYNGKLIP & ASSOCIATES
  CONSUMER LAW CENTER, PLC
24500 Northwestern Highway, Suite 206
Southfield, Michigan  48075
(248) 208-8864

Thomas D. Domonoske
ATTORNEY AT LAW
461 Law Avenue
Harrisonburg, Virginia  22802
(540) 442-7706

*Counsel for Appellants*

*Counsel for Appellants*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................... ii

ARGUMENT ........................................................................................1

    1.    The Parties seek to revisit issues previously resolved by this Court ...................................................................................1

    2.    The settlement undervalues claims of the class members available under state and federal law ...................................................1

    3.    Class Counsel does not understand that the Revised Settlement Agreement waives the rights of class members to seek attorney's fees...................................................................................3

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

## <u>CASES</u>

*Arizona v. California*,
    460 U.S. 605 (1983)............................................................................1

*Sykes v. Mel Harris and Associates, LLC*,
    780 F.3d 70 (2d Cir. 2015) ........................................................1, 2

*United States v. Moored*,
    38 F.3d 1419 (6th Cir. 1994) ..........................................................1

*Vassalle v. Midland Funding LLC*,
    708 F.3d 747 (6th Cir. 2013) ..........................................................1

## ARGUMENT

**1.    The Parties seek to revisit issues previously resolved by this Court.**

As with their response briefs and the proceedings in the district court below, the parties continue to posit that the class members have no substantial claims beyond the statutory damage claims asserted under the FDCPA.  The refusal of the parties to directly address the preclusive effect of the prior rulings simply confirms objectors' position.  Specifically, this court's prior ruling in *Vassalle v. Midland*, 708 F.3d at 758 that "the class members could have collected damages under state law claims that would exceed the value of monetary relief in this settlement" remains law of the case.  *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994); see also *Arizona v. California*, 460 U.S. 605, 618 (1983).  Neither the district court nor the parties have the authority to revisit this finding.

**2.    The settlement undervalues claims of the class members available under state and federal law.**

Even if the parties could revisit this finding, the Court should once again find that the claims of the consumers exceeded the value of the settlement.  One shining example is the recently settled case following remand in *Sykes v. Mel Harris and Associates, LLC*, 780 F.3d 70 (2d Cir. 2015).  Among the relief sought was damages under the New York Judiciary Law and RICO, along with specific injunctive relief.  In that case, the Second Circuit upheld the certification of a class action based upon both false affidavits of service and false affidavits of merit

1

(similar to those at issue in this case). Notwithstanding defenses closely resembling

those in the record below, the Second Circuit permitted the case to proceed,

> Whether or not Fabacher was required to attest to personal knowledge
> of the underlying debt in his affidavit of merit, as plaintiffs contend,
> or whether a more lax standard governs his affidavits, as Mel Harris
> contend, is ultimately irrelevant to adjudicating liability under any of
> the claims that plaintiffs have brought. What matters is that, in
> hundreds of thousands of forms, he did attest to this knowledge,
> despite the undisputed fact, at the class certification stage, that he did
> not in fact actually review underlying documentation related to these
> loans. Whatever was required in New York City Civil Court will not
> decide the issue of liability for these defendants. The conduct of
> defendants, and the question of whether this conduct was ultimately
> fraudulent, will decide their liability. The federal system, with its
> guarantees of concurrent jurisdiction, and the federal laws under
> which plaintiffs seek relief, permit as much.

*Sykes*, at 96.  In specific, the Court sustained certification of an injunctive relief

class seeking "a direction that defendants locate and notify class members that a

default judgment has been entered against them and that "they have the right to file

a motion with the court to re-open their case" *Sykes*, at 98.

Following remand, on a more fully developed record, the *Sykes* class counsel

secured relief for a class of approximately 190,000 persons including,

- ✓ a settlement fund of $59 million.

- ✓ transfer of debt owed by class members valued at $800 million to a
   non-profit organization, for discharge and vacation of judgments. (SD
   NY Case 09-08486, R.233 at 6).

2

✓    anticipated return of 82% of funds collected at an expected claims rate of 30% (SD NY Case 09-08486, R.233 at 39).

This settlement, for slightly more than a 1/10 of the number of the class members achieves settlement with a cash value of more than 10 times that of the Vassalle, yielding 100-fold per member recovery above that in this case. Furthermore, this settlement value does not include the $800 million in debt relief provided.

The district court in Sykes granted preliminary approval to that settlement on November 16, 2015. (SD NY Case 09-08486, R.236).

The settlement in Sykes provides an appropriate framework from which this Court may – should it choose to revisit the relative value of the claims at issue – measure the benefits provided to the class members in this case.

**3.    Class Counsel does not understand that the Revised Settlement Agreement waives the rights of class members to seek attorney's fees.**

Although the Defendants make no such claim, Class Counsel asserts that the Revised Settlement contains no bar or prohibition on class members recovering attorneys' fees for any legal challenge based on false affidavits to Midland's collection efforts. (Doc. 37-2, pg 2). Class Counsel's Conclusion then states "Appellants' representation that the Revised Settlement Agreement bars or prohibits Class Members from seeking attorneys' fees is a false statement that must be disregarded by this Court."

Contrary to Class Counsel's understanding of the Revised Settlement, its specific terms prohibit a class member from seeking attorneys' fees when challenging Midland's collection efforts. The Revised Settlement provides that, in any action that seeks relief from Midland's collection efforts, class members "may not seek any relief other than vacatur of the judgment and, if permissible under applicable law, return of any money paid on the judgment." (R.227-1, Page ID # 4057). The plain read of the phrase "may not seek any relief other than vacatur and . . . return of any money paid" means that class members may not also seek an award of attorneys' fees in such actions.

The Pelzer Group has always contended that this language prohibits class members from seeking the relief of attorney's fees in such actions. See e.g. Appellant's Opening Brief, Doc. 20, Page ID # 58-59. The Attorneys General similarly read this language to contain such a bar because "without preserving any express right to claims with statutory attorneys' fees, the revised proposal effectively precludes them from obtaining legal representation." (R.249-1, Page ID # 4427). As explained by the Attorney Generals for 73.8% of the class members, "[r]epresentation is critical when seeking to assert an affirmative defense, challenge an affidavit's admissibility, or vacate a judgment, and none of these may realistically be accomplished by consumers acting pro se." Id.

Class Counsel does not understand the legal significance of the Revised Settlement negotiated on behalf of the unnamed class members. The Revised Agreement's plain language specifically bars class members from seeking any relief other than vacatur or money paid on a judgment on the ground that an affidavit falsely claims to be based on personal knowledge. The Pelzer Group has not made a new argument but has consistently identified this bar on the recovery of attorneys' fees as a reason the Revised Settlement never should have been approved.

Respectfully Submitted,

/s/ Ian Lyngklip
IAN B. LYNGKLIP (P47173)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Plaintiff-Appellant
24500 Northwestern Hwy., Suite #206
Southfield, MI 48075
(248) 208-8864

## <u>CERTIFICATE OF COMPLIANCE</u>

This Appellants' Response to Sur Reply of Parties complies with the November 23, 2015 Order by not exceeding 10 pages.  This brief is 5 pages, excluding the cover, table of contents, table of authorities and certificates of counsel.

/s/ Ian B. Lyngklip_____
*Counsel for Appellants*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 7th day of December, 2015, I caused this Appellants' Response to Sur Reply of Parties to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Dennis E. Murray, Sr.
Donna Jean Ann Evans
Murray & Murray
111 East Shoreline Drive
Sandusky, Ohio  44870
(419) 624-3000

*Counsel for Plaintiffs – Appellees*

Theodore W. Seitz
DYKEMA GOSSETT
201 Townsend Road, Suite 900
Lansing, Michigan  48933
(517) 374-9100

*Counsel for Defendants – Appellees*

Richard L. Stone
Amy M. Gallegos
Jenner & Block
633 West Fifth Street, Suite 3600
Los Angeles, California  90071
(213) 239-5100

*Counsel for Defendants – Appellees*

Mary E. Signorille
AARP FOUNDATION LITIGATION
601 E Street, NW, Fourth Floor
Washington, DC  20049
(202) 434-7060

*Counsel for Amicus Curiae*

/s/ Ian B. Lyngklip
*Counsel for Appellants*